IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,196-01






EX PARTE NATHAN ANDREW TURNER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 15,675-B IN THE 104TH JUDICIAL DISTRICT COURT


FROM TAYLOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child, and two counts of indecency with a child. He was sentenced
to twenty-five years' imprisonment for each of the aggravated sexual assault counts, and twenty
years' imprisonment for each of the indecency counts, all to run concurrently. 

 Applicant contends that his sentence begin date is being erroneously calculated by TDCJ.
One of the judgments and sentences in these cases shows that Applicant is entitled to 500 days of
pre-sentencing jail time credit, but the applicable portion of the remaining judgments and sentences
is blank. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing Applicant's sentence begin date for all four counts, and the
amount, if any, of pre-sentencing jail time credit being applied to each sentence. The affidavit
should also indicate whether or not Applicant has submitted his claim to the time credit resolution
system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant was in jail for the same amount of time
awaiting trial in each count, and if so, whether the same amount of time should be reflected as
applying to all four judgments. The trial court shall also make findings as to whether Applicant is
receiving the proper amount of time credit for that time. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: August 24, 2011

Do not publish